**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Mitzi Citali Juarez Valdez,

Petitioner,

v.

Pamela Bondi, et al.,

Respondents.

No. CV-26-05407-PHX-SPL

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging her immigration detention. (Doc. 1.) Pursuant to General Order 26-09, the Court directed Respondents to show cause why the Petition should not be granted. (Doc. 4.) In the Response, Respondents argue the Petition is moot because a bond redetermination hearing is scheduled to occur on August 12, 2026. Respondents are correct that Petitioner is entitled to a bond hearing. *See Rodriguez Vazquez v. Bostock*[, No. 25-6842, ___ F.4th ___ (9th Cir. July 30, 2026).]" (Doc. 7 at 1.) The Court declines to dismiss this action as moot and grants the Petition and orders a bond hearing.

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted in part** as described herein.

(2) Respondents must release Petitioner from custody under the same conditions that existed before her detention or provide Petitioner a bond redetermination hearing within **SEVEN (7) CALENDAR DAYS** of this Order unless

Petitioner requests a continuance, in which case Respondents must notify the Court and provide the continued date for the bond hearing. Petitioner—including any counsel—must be given at least two days' notice of the bond hearing.

(3) Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing Petitioner a bond hearing. **If applicable, that notice must include the result of the bond hearing.**

(4) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 12th day of August, 2026.

Honorable Steven P. Logan
United States District Judge